UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBINSON HERNANDEZ-RAMOS and HILARIO CELEDONIO, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) NO. 3:06-1152 ) Judge Trauger/Brown |
| MARVIN DEATON d/b/a DEATON & COMPANY FRAMING CONTRACTORS, | ) ) ) ) |
| Defendant | ) |

## MEMORANDUM AND ORDER

Presently pending in ths case are motions for summary judgment by the Plaintiffs (Docket Entry 23) and a motion for summary judgment by the Defendant (Docket Entry 30). Both motions have been briefed and the parties have been allowed to argue them.

After consideration for the reasons stated below, both motions are **DENIED**.

In considering the motions, the Court has considered the well-established rules for summary judgment. Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon

motion, Rule 56(c) mandates summary judgment against a party who fails "to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. The Higbee Company*, 256 F.3d 416, 419 (6th Cir. 2001).

In this connection, it must be noted that the nonmovant must present sufficient admissible evidence on a material issue to qualify his case to go to the trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Thus, while the nonmoving party may produce some evidence, the production will not be sufficient to defeat summary judgment so long as no reasonable jury could reach a finding on that issue in favor of the nonmoving party.

The Plaintiffs' argument is that they are employees of the Defendant. They base this primarily on an affidavit of their expert, Mr. Ken Finchum, who, after examining various documents in the case, expressed the firm opinion that the Plaintiffs were employees and not independent contractors.

At one time the Defendant argued that it was not a covered enterprise subject to the Fair Labor Standard Act (FLSA). The Defendant has subsequently abandoned this argument and, accordingly, makes no defense that it is not an enterprise subject to the FLSA. The Defendant does vigorously contend that the Plaintiffs, however, are independent contractors and not employees.

2

The Defendant has also produced testimony from an internal revenue agent who examined the Defendant's books for some of the years in question and who came to the conclusion that under the Internal Revenue rules and regulations the Plaintiffs were properly classified for tax purposes as independent contractors rather than employees.

The Court has some doubt that the rules and regulations under FLSA are identical to those under the Internal Revenue Service. Unfortunately, the comparisons between these two experts is somewhat like comparing apples and oranges. The issue of whether the testimony of a revenue agent will be admissible is a question reserved for a later time.[1]

Regardless of the admissibility of the Internal Revenue Service opinion on the independent contractor/employee issue, it would nevertheless be admissible on the issue of willfulness of the Defendant and whether the statute of limitations would be two or three years. The Defendant at this point has certainly made a strong argument that, if is there is a violation, it is not willful. However, the Court is not ruling on that issue in this order.

Even without Mr. Reynolds' testimony, the Court believes that there are disputed issues of fact which preclude summary

---

[1] Judge Haynes has recently denied the relevancy of an Internal Revenue Service opinion as to whether an individual is an employee or a independent contractor. *See Furman v. Meravic*, 3-06-cv-00922 (Docket Entry 30 filed November 28, 2007).

3

judgment. Plaintiffs' expert, Mr. Finchum, in examining the various documents, made certain assumptions as to who provided tools above the level of hand tools, how the jobs were bid, and how they were supervised. Additionally, the Plaintiffs say they did not receive tax form 1099 and the Defendant says he issued them.

There is significant evidence to support a conclusion that the Plaintiffs were employees rather than independent contractors. Nevertheless, there are sufficient factual disputes such that the Court does not believe it can grant summary judgment to the Plaintiffs without weighing the evidence and the credibility of witnesses to an extent not allowed in a motion for summary judgment.

During oral argument the Defendant conceded that if the Plaintiffs' motion for summary judgment was denied because the Court found there were still items of contested fact that their motion should also be denied as there would be contested facts on their side as well. The Court agrees with this concession. There are disputed facts for both sides and, accordingly, summary judgment is inappropriate. *Imars v. Contractor's Manufacturing Services, Inc.*, 165 F.3d 27 [6th Cir. Op. Unpubl. 1998], WL 598778. As the *Imars* case points out, the Sixth Circuit has used a six point test in attempting to determine whether an individual is classified as an independent contractor or an employee. *Donovan v. Varandel*, 736 F.2d 1114 (6th Cir. 1984). These six factors include (1) the permanency of the relationship between the parties; (2) the

4

degree of skill required for the rendering of the services; (3) the workers' investment and equipment or materials for the task; (4) the workers' opportunity for gain or loss depending upon his skill; (5) the degree of the alleged employer's right to control the matter in which the work is performed; and (6) whether the service rendered is an integral part of the alleged employer's business.

While several of these six factors do favor the Plaintiffs' contention that they are independent employees, they are not so one-sided as to allow the Court to grant summary judgment on the matter.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

5